LORENZA ROSARIO, ETC., Plaintiff and Appellee, v. SANTIAGO RUIZ LÓPEZ ET UX., Defendants; VALENTÍN POLANCO DE JESÚS, Appellant.

No. 8869.  Argued January 17, 1944.—Decided February 10, 1944.

*V. Polanco de Jesús, pro se.  Angel Rivera Colón* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

In an action brought by Lorenza Rosario against Santiago Ruiz and his wife for the foreclosure of a mortgage, the defendants were ordered to pay specified amounts together with interest and *to pay the costs expended in the execution of the judgment.* The mortgaged farms were sold at public sale and adjudicated to the plaintiff upon the execution of the corresponding deed of judicial sale. However, when she presented said deed for record in the Registry of Property, she found that one of the farms adjudicated to her had been acquired *pendente lite* by Valentín Polanco who registered it in his name. The plaintiff then instituted proceedings praying that, within a term of ten days, the purchaser *pendente lite* satisfy that portion of the money judgment entered against the former owners Santiago Ruiz and his wife, which secured the farm bought by him, or otherwise his record of ownership as purchaser *pendente lite* would be cancelled. The purchaser *pendente lite* objected and the lower court finally granted plaintiff's motion. The purchaser *pendente lite* took an appeal to this court and we rendered the following judgment:

"For the reasons stated in the foregoing opinion the order appealed from rendered by the District Court of Arecibo, on December 10, 1942, is hereby modified by requiring the appellant Valentín Polanco de Jesús, in order to retain the recordation of Farm A in his name, to pay to the plaintiff Lorenza Rosario the following amounts: (1) $4,000, plus 12% interest from September 1, 1937, to May 26,

1942, the date of the judgment of the District Court of Arecibo; (2) $138.12, the amount paid by the plaintiff for accrued taxes and interest, plus 12% interest from December 16, 1941, the date when that sum was paid, to May 26, 1942; (3) legal interest of 6% on $4,138.12 from the aforesaid judgment date of May 26, 1942, to the date of payment; and (4) the costs." *Rosario* v. *Ruiz*, 62 P.R.R. 310..

The mandate was sent to the lower court on August 2, 1943, but prior to that date, that is, on July 28, 1943, the purchaser *pendente lite*, in order to satisfy said judgment, deposited in the clerk's office of the lower court the following amounts:

| | |
|---|---|
| Principal | $4,000.00 |
| Interest on this principal according to the judgment | 2,280.00 |
| Taxes | 138.12 |
| Interest | 7.60 |
| Interest on $4,138.12 for one year | 248.28 |
| Interest for two months | 41.40 |
| Total | $6,715.40 |

The plaintiff and appellee objected to the deposit in court for the following reasons:

(1) Because the judgment of the Supreme Court modified the order of the lower court and awarded the imposition of costs, and since the memorandum of costs had not yet been filed, the purchaser *pendente lite* did not, and could not have included them in the deposit made; and

(2) Because said deposit in court was made on July 30, 1943, and the interest on the principal sum was computed by the purchaser *pendente lite* until the 26th of said month, and he therefore failed to deposit interest for four days.

A few days later the purchaser *pendente lite* deposited the amount of $2.76, which was the interest left unpaid.

In August 1943 (the day is in blank), the plaintiff filed her memorandum of costs in the amount of $59.35. On August 10, 1943, the purchaser *pendente lite* attacked the same because it had been filed after the expiration of the term;

and in case his contention should not prosper he also attacked, as improper, all the items, except No. 5.

After the motion to deposit in court and the memorandum of costs had been filed, the lower court, on December 2, 1943, approved five of the items of the memorandum of costs which need not be specified due to the conclusion we have reached.

As to the deposit in court, the court specified the items which in its opinion the purchaser *pendente lite* should have deposited and granted him five days, counted from notice of the order, to complete the items.

On December 6, 1943, the purchaser *pendente lite* appealed and alleged that he appealed from that portion of the order which ordered him to pay said five items and which ordered him to deposit in court the interest at 6 per cent annually on $4,138.13 from the date of the deposit until December 2, 1943, that is, the date of the judgment appealed from.

In the suit brought by Lorenza Rosario against Santiago Ruiz and his wife judgment was rendered on May 26, 1942, and as to the costs it only allowed "the costs expended in the execution of the judgment." At that time §327 of the Code of Civil Procedure had already been amended by Act No. 69 and Act No. 94 of May 11, 1936, and May 11, 1937, respectively. Said Section, as amended, provides that the trial court shall allow costs to the party in whose favor any final judgment or order is rendered. Nowhere in the Act is it provided that only a portion of the costs shall be allowed. Therefore, the imposition of costs as it appears from the judgment of May 26, 1942, was erroneous. But inasmuch as the party prejudiced by that error, Lorenza Rosario, did not appeal from that pronouncement, the same became final, and we must accept it with all its legal force, as it was rendered.

At the time that said judgment was rendered by the lower court, §339 of the Code of Civil Procedure had also

been amended by Act No. 69 of May 11, 1936. Under said Section, as amended, the memorandum of costs should be filed within ten days after notification of the judgment. Since the memorandum of costs was not filed until August 1943, and the judgment was rendered on May 26, 1942, it is evident that it was filed after the statutory term had expired. This being so, the plaintiff forfeited her right to recover "the costs expended in the execution of the judgment," allowed on May 26, 1942.

██ The plaintiff and appellee and the lower court construe the judgment of this court, as modified on July 21, 1943, and copied above, in the sense that we affirmed the imposition of costs allowed by the lower court and further granted the costs on the first appeal.

Based on this construction of our judgment, the plaintiff-appellee cites §340 of the Code of Civil Procedure which provides, among other things, that whenever costs are awarded to a party by an appellate court, he must within thirty days after the mandate is filed with the court below deliver the memorandum of costs. But that construction of our judgment is erroneous. As we have already said, plaintiff Lorenza Rosario took no appeal from the pronouncement which granted her less costs than those to which she was entitled under the law, and neither did she file her memorandum of costs within the ten days after the notification of the judgment, as provided by §339 of the Code of Civil Procedure. Whether or not the plaintiff had filed her memorandum of costs in the lower court was a matter of which this Supreme Court was not aware when rendering its judgment of July 7, 1943, as modified on July 21, of the same year. On the contrary, we presupposed that the plaintiff had been diligent in protecting her rights and had therefore filed the memorandum of costs timely and properly. Since

94

the purpose of our judgment above referred to was to determine what the purchaser *pendente lite* had to pay as a result of the judgment rendered against his predecessors in title, Santiago Ruiz and his wife, and as the judgment of the lower court imposed the costs, although, as we have said, in a limited portion, the pronouncement of costs allowed by the Supreme Court in its judgment could not have a further scope than that of the lower court and therefore, the costs granted by us were none other than ''the costs expended in the execution of the judgment'' as imposed by the lower court and accepted by the plaintiff and from which she took no appeal. It seems clear that if the plaintiff had forfeited her right to recover the costs thus limited because she failed to file the memorandum of costs within the statutory period, our judgment could not restore said right and, consequently, our pronouncement as to costs became academic as a result of plaintiff's own negligence.

■ Let us now consider the deposit made to satisfy the judgment.

The judgment of the Supreme Court, modified, as we have said, on July 21, 1943, specifically decided what the purchaser *pendente lite* had to pay in order that the farm purchased by him would be exonerated from the judgment rendered against his predecessors in title, Santiago Ruiz and his wife. The purchaser *pendente lite* acted strictly in accordance with the judgment of this Supreme Court in making the deposit in court, which he later completed by depositing the amount of $2.76 for interest accrued.

This being so, the order appealed from must be reversed and another rendered instead holding that the deposit in court was properly made and that the portion of the judgment which the purchaser *pendente lite* had to pay was fully satisfied, in all its legal effect.